Sheehan & Associates, P.C.
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Telephone: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*

United States District Court
Southern District of New York                              1:20-cv-02636

Sonia Rodriguez, individually and on behalf
of all others similarly situated,

Plaintiff,

- against -                          Class Action Complaint

7-Eleven, Inc.,

Defendant

Plaintiff by attorneys allege upon information and belief, except for allegations pertaining to plaintiff, which are based on personal knowledge:

1.      7-Eleven, Inc. ("defendant") manufactures, distributes, markets, labels and sells iced lemon cookies, under the 7-Select brand ("Product").

2.      The Product is available to consumers from defendant's retail stores and is sold in sizes including bags of 3 OZ.

3.      The Product's relevant representations include "7-Select," "Iced Lemon Cookies" (front), "Indulge in a classic childhood favorite! Our iced lemon cookies have a light crisp bite and are perfectly balanced with tart lemon and an irresistible coating of sweet lemon icing" (back) and a picture of the Product (front and back).

<u>Front</u>                                          <u>Back</u>

 

4.     The label makes direct representations that the primary recognizable flavor of the Product – the cookie and the icing – is from lemons, through the name, "Iced Lemon Cookies," the descriptive text of "tart lemon" and "coating of sweet lemon icing" and the multiple shades of yellow used on the packaging, such that lemon is reasonably understood by consumers to be its characterizing flavor. *See* 21 C.F.R. § 101.22(i).

5.     Where a product's characterizing flavor is designated as "lemon" without any qualifying terms – flavored, with other natural flavors, artificially flavored – consumers get the impression that its lemon taste is contributed only by the characterizing food ingredient of lemons, in the form of an exclusively lemon ingredient, i.e., lemon oil and/or lemon extract. *See* 21 C.F.R. § 101.22(i)(1) (describing a food which contains no simulating artificial flavor and not subject to

2

21 C.F.R. § 101.22(i)(1)(i)-(iii)).

6.      Foods labeled "strawberry shortcake," "iced lemon cookies" or "apple pie" are expected by consumers to contain an amount of the characterizing ingredients – strawberries, lemon or apples – sufficient to independently characterize the food. *See* 21 C.F.R. § 101.22(i)(1) ("If the food contains no artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name of the characterizing flavor, e.g., 'vanilla', in letters not less than one-half the height of the letters used in the name of the food, except that…").

7.      "Natural flavor" is defined as "the essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis" from a natural source material. *See* 21 C.F.R. 101.22(a)(3).

8.      "Artificial flavor" is any substance whose function is to impart flavor that is not derived from a natural source. *See* 21 C.F.R. 101.22(a)(1).

9.      By not including any qualifying terms preceding, following or in proximity to "Lemon," consumers expect the Product to contain sufficient lemon oil and/or lemon extract from lemons to flavor the Product and no other flavors from natural sources other than lemons or artificial sources, simulate, resemble, reinforce, enhance or extend the flavoring from lemons.

10.     The Product's front label is misleading to consumers because the ingredient list reveals "Natural and Artificial Flavor" are used to provide flavoring.



**INGREDIENTS:** BLEACHED ENRICHED FLOUR (NIACIN, REDUCED IRON, THIAMINE MONONITRATE, RIBOFLAVIN, FOLIC ACID), SUGAR, SHORTENING (PALM OIL, SOYBEAN OIL, CANOLA OIL, TOCOPHEROLS (ADDED AS AN ANTIOXIDANT)), CORN STARCH, POWDERED SUGAR, SOY LECITHIN, LEAVENING (SODIUM BICARBONATE, AMMONIUM BICARBONATE), SALT, DRIED EGGS, WHOLE EGGS, YELLOW #5, YELLOW #6, AGAR AGAR, NATURAL & ARTIFICIAL FLAVORS, CITRIC ACID, MILK.

11.    The designation of "natural and artificial flavor" means the flavor is not derived exclusively from lemon oil and/or lemon extract but from non-lemon natural

12.    Because lemon oil and/or lemon extract are not separately identified ingredients, it means that if they are present, they would be components of the "natural flavor" ingredient, which would also contain flavor from natural non-lemon sources to enhance any actual lemon flavor.

13.    Even if the "natural flavor" portion of the "natural & artificial flavor" contained lemon oil and/or lemon extract and lemon flavor, the representations would still be misleading because the Product contains artificial flavor.

4

14.     21 C.F.R. § 101.22(i)(2) requires that:

If the food contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor, the name of the food on the principal display panel or panels of the label shall be accompanied by the common or usual name(s) of the characterizing flavor, in letters not less than one-half the height of the letters used in the name of the food and the name of the characterizing flavor shall be accompanied by the word(s) 'artificial' or 'artificially flavored'.

15.     The only way that the front label could avoid declaring the presence of the artificial flavors is if the artificial flavor does not resemble, simulate, reinforce or extend the characterizing flavor of the food.

16.     To keep their flavor ingredients "label friendly," flavor suppliers will tell their food manufacturer customers what they want to hear: "yes, the flavoring contains artificial flavor, but no, you do not have to declare it on the front label because the artificial flavor 'rounds out' the characterizing flavor."

17.     Describing one flavor as "rounding out" the characterizing flavor sounds legitimate and is based on a single comment in the Federal Register that attempted to describe a situation where a flavor would not be required to be declared on the front label.

18.     Looking closer, to "round out" means "to bring [the characterizing flavor] to completion or fullness."[1]

19.     The definition of "round[ing] out" is therefore equivalent to simulating and reinforcing the characterizing flavor and such flavors are required to be declared on the front label.

20.     In a food designated "iced lemon cookies," the range of flavors is not so varied or layered which would necessitate the use of artificial flavors that have no connection to the lemon cookie or the lemon icing.

21.     Product composition analysis has also determined that the artificial flavor contains

---

[1] Merriam-Webster, round out.

5

compounds commonly used to provide lemon flavor yet are from artificial sources and/or made through non-natural processes.

22.     Therefore, the artificial flavor enhances and resemble the characterizing lemon flavor in the cookie and icing and is required to be designated on the front label.

23.     Whether or not a food's flavor is from the actual characterizing food ingredient, a flavor derived from the characterizing ingredient, a natural source unrelated to the characterizing flavor or an artificial source is material to consumers who expect a label to be truthful and not misleading.

24.     Consumers seek to avoid artificial flavors for reasons including nutrition, health and/or the avoidance of chemicals and highly processed ingredients.

25.     Since the iced lemon cookies lack any qualifying terms, reasonable consumers will expect the lemon cookie and lemon icing only contain flavor from lemons.

26.     Reasonable consumers have no reason to be suspicious of an iced lemon cookie that only contains natural flavor or flavoring from lemons, since this is not a rare or expensive proposition.

27.     Consumers cannot discern from the ingredient list that (1) the natural flavor listed on the ingredient list does not refer to an exclusively lemon ingredient nor (2) that the artificial flavor enhances the Product's lemon taste.

28.     The Product's ingredient list also indicates the presence of yellow food coloring – "YELLOW #5, YELLOW #6" – which misleads consumers to think it contains more real lemon flavoring than it actually does, by making its color closer to that of real lemons.

29.     Had plaintiff and class members known the truth, they would not have bought the Product or would have paid less for it.

30.     The Product contains other representations which are misleading and deceptive.

31.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.79 per 3 OZ, excluding tax, compared to other similar products represented in a non-misleading way.

<u>Jurisdiction and Venue</u>

32.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2) (Class Action Fairness Act of 2005 or "CAFA").

33.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity[.]" *Gold v. New York Life Ins. Co.*, 730 F.3d 137, 141 (2d Cir. 2013).

34.     Plaintiff Sonia Rodriguez is a citizen of New York.

35.     Defendant is a Texas corporation with a principal place of business in Irving, Dallas County, Texas and is a citizen of Texas.

36.     Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and State.

37.     This court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

38.     A substantial part of events and omissions giving rise to the claims occurred in this District.

<u>Parties</u>

39.     Plaintiff Sonia Rodriguez is a citizen of New York, New York County, New York.

40.     Defendant 7-Eleven, Inc. is a Texas corporation with a principal place of business in Irving, Texas, Dallas County.

41.    During the relevant statutes of limitations, plaintiff purchased the Product within her district and/or State for personal consumption and/or use in reliance on the representations the Product's lemon taste was only from real lemons.

## Class Allegations

42.    The classes will consist of all purchasers of the Product in New York, New Jersey and the other forty-eight (48) states during the applicable statutes of limitations.

43.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.

44.    Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

45.    Plaintiff is an adequate representatives because her interests do not conflict with other members.

46.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

47.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

48.    Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

49.    Plaintiff seeks class-wide injunctive relief because the practices continue.

## New York General Business Law ("GBL") §§ 349 & 350
### (Consumer Protection Statute)

50.    Plaintiff incorporates by reference all preceding paragraphs.

51.    Plaintiff and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product

type.

52.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

53.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Product.

54.     Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

55.     Plaintiff relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

56.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

57.     Plaintiff incorporates by reference all preceding paragraphs.

58.     Defendant misrepresented the substantive, quality, compositional, organoleptic and/or nutritional attributes of the Products.

59.     Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

60.   Defendant had a duty to disclose and/or provide non-deceptive marketing of the Product and knew or should have known same were false or misleading.

61.   This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and/or sale of the product or service type.

62.   The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

63.   Plaintiff and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Products.

64.   Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability and<br>Magnuson Moss Warranty Act, 15 U.S.C. §§ 2301, <em>et seq.</em></u>

65.   Plaintiff incorporates by reference all preceding paragraphs.

66.   The Products were manufactured, labeled and sold by defendant and warranted to Plaintiff and class members that they possessed substantive, functional, nutritional, qualitative, compositional, organoleptic, sensory, physical and other attributes which they did not.

67.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Products.

68.   This duty is based, in part, on defendant's position as one of the most recognized companies in the nation in this sector.

69.   Plaintiff provided or will provide notice to defendant, its agents, representatives, retailers and their employees.

70.     Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding this issue.

71.     The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable.

72.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

73.     Plaintiff incorporates by reference all preceding paragraphs.

74.     Defendant's conduct was misleading, deceptive, unlawful, fraudulent, and unfair because it gives the impression to consumers the Product contains sufficient amounts of lemon ingredients, i.e., lemon oil or lemon extract, to independently characterize the taste or flavor of the Product, did not contain other non-lemon flavor components which simulate, resemble or reinforce the characterizing lemon flavor and only contained flavor from real lemons.

75.     Defendant's fraudulent intent is evinced by its failure to accurately identify the Product on the front label, when it knew its statements were neither true nor accurate.

76.     Plaintiff and class members would not have purchased the Products or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

77.     Plaintiff incorporates by reference all preceding paragraphs.

78.     Defendant obtained benefits and monies because the Products were not as represented and expected, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Declaring this a proper class action, certifying Plaintiff as representative and undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, restitution and disgorgement for members of the State Subclasses pursuant to the applicable laws of their States;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

6. Other and further relief as the Court deems just and proper.

Dated:   March 29, 2020

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
Spencer Sheehan
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
Tel: (516) 303-0552
Fax: (516) 234-7800
*spencer@spencersheehan.com*
E.D.N.Y. # SS-8533
S.D.N.Y. # SS-2056

1:20-cv-02636
United States District Court
Southern District of New York

Sonia Rodriguez, individually and on behalf of all others similarly situated,

Plaintiff,

- against -

7-Eleven, Inc.,

Defendant

## Class Action Complaint

```
Sheehan & Associates, P.C.
505 Northern Blvd Ste 311
Great Neck NY 11021-5101
   Tel: (516) 303-0552
   Fax: (516) 234-7800
```

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  March 29, 2020

/s/ Spencer Sheehan
Spencer Sheehan